GEBELL, APPELLEE, *v.* DOLLISON, REGISTRAR, APPELLANT.

[Cite as Gebell v. Dollison (1978), 57 Ohio App. 2d 198.]

(No. 707—Decided May 10, 1978.)

Mr. *Paul Gebell,* for himself.
Mr. *George E. Pattison,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the County Court of Clermont County; the transcript of the proceedings; and the brief and argument of counsel for the appellant.

Plaintiff-appellee brought the instant petition protesting the defendant-appellant's revocation of his driving privileges, pursuant to R. C. 4507.40 (K), for having accumulated in excess of twelve traffic violation points within a period of two years as a juvenile driver. The trial court granted the petition, holding that "after a study of R. C. 2151.358 * * * no findings of a juvenile court are admissible or applicable to proceedings in Clermont County Court after plaintiff has reached majority," and restored the appellee's driving rights. The defendant timely filed this appeal, asserting in his single assignment of error that the trial court's judgment is contrary to law.

We have examined the record and the pertinent statutory authority, and find the assignment of error to be well

taken. Thus, R. C. 2151.358, upon which the trial court relied, provides, in pertinent part:

"The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of such adjudication, nor shall any child be charged or convicted of a crime in any court except as provided by this chapter. The disposition of a child under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of such child may be considered by any court as to the matter of sentence or to the granting of probation."

We note first that, in the instant license revocation proceedings, evidence of prior juvenile court *disposi'ions* of the appellee—which, according to R. C. 2151.356, refer to the *sentences* imposed for the traffic offenses of which the appellee had been convicted—and evidence admitted against the appellee in the earlier juvenile court proceedings, are irrelevant to the trial court's determination of whether such revocation had properly issued against the appellee. Rather, proof of the mere fact of the appellee's accumulated traffic convictions themselves, and the corresponding total of violation points to be attributed thereto—without reference to the sentences imposed for such convictions or to the evidence adduced in support thereof—is all that is required to justify the revocation of the appellee's driving privileges pursuant to R. C. 4507.40 (K). Such proof of the *fact* of the appellee's earlier juvenile convictions in the instant case is not, in our opinion, proscribed by the language of R. C. 2151.358, which declares only that "[t]he *disposition* of a child under the judgment rendered or *any evidence given in court* is not admissible as evidence against the child in any other case or proceeding in any other court * * *," and we therefore disagree with the trial court that such proof is "inadmissible and inapplicable" to the instant case.

Moreover, if it is argued that the revocation of the appellee's driving privileges is foreclosed by that portion of

R. C. 2151.358 providing that a juvenile court conviction "shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime," we find such language to be equally inapplicable to the instant proceedings. The "civil disabilities" of which a juvenile is relieved pursuant to R. C 2151.358 refer, we believe, to those disabilities imposed under R. C. 2961.01 and 2961.03, and do not extend to relieve the juvenile of those adverse consequences attending his frequent violation of traffic laws pursuant to R. C. 4507.40. Our conclusion is supported by our reading of the latter statute, which provides that revocation proceedings in which the driver "is under the age of eighteen years [are to be filed with] the juvenile court," and which therefore indicates a clear legislative intent to impose upon juveniles the same penalities for successive and frequent violations of the traffic laws as are imposed on drivers in Ohio generally.

We therefore conclude that the trial court's action in granting the appellee's petition, based as it was upon the court's mistaken belief that R. C. 2151.358 precluded the revocation of the appellee's driving privileges based upon his earlier juvenile court convictions, was contrary to law. The assignment of error is sustained, the judgment entered below is reversed, and a final judgment is entered in favor of the defendant-appellant pursuant to App. R. 12 (B).

*Judgment reversed.*

PALMER, P. J., SHANNON and BLACK, JJ., concur.