[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 620.]

THE STATE EX REL. GAINS, PROSECUTING ATTORNEY, APPELLANT, *v.* ROSSI, APPELLEE.

[Cite as *State ex rel. Gains v. Rossi*, 1999-Ohio-213.]

*Public employment—Writ of quo warranto ousting village councilman from office denied, when—Village councilman convicted of attempted tax evasion not disqualified from his position when federal conviction is expunged under R.C. 2953.32 and 2953.33.*

(No. 99-597—Submitted August 25, 1999—Decided September 29, 1999.)

APPEAL from the Court of Appeals for Mahoning County, No. 98CA51.

_____

{¶ 1} In August 1988, the United States District Court for the Northern District of Ohio convicted appellee, Joseph J. Rossi, of attempted tax evasion in violation of Section 7201, Title 26, United States Code, a federal felony, fined him $10,000, and placed him on probation for three years. In November 1997, Rossi was elected to the position of Councilman of the village of Lowellville, and he assumed office in January 1998.

{¶ 2} Appellant, Mahoning County Prosecuting Attorney Paul J. Gains, requested an opinion from the Ohio Attorney General on the issue of whether an individual who has been convicted of a federal felony is prohibited from holding the office of member of the legislative authority of an Ohio municipality, and in March 1998, the Ohio Attorney General issued an opinion, stating:

"It is, therefore, my opinion, and you are hereby advised that, pursuant to R.C. 2961.01, an individual who has been convicted of a federal felony is prohibited from holding the office of member of the legislative authority of a municipality, unless that individual's civil rights and privileges have been restored (1) as provided in R.C. 2961.01, by reversal or annulment of the conviction, or by grant

of a federal pardon, or (2) as provided in R.C. 2953.32 and R.C. 2953.33, by an order of a common pleas court sealing the record of conviction, if the individual is a '[f]irst offender,' as defined in R.C. 2953.31(A)."  Ohio Atty.Gen.Ops. No. 98-013.

{¶ 3} Shortly thereafter, Gains filed a complaint in the Court of Appeals for Mahoning County for a writ of *quo warranto* to remove Rossi from the office of Councilman for the village of Lowellville.  Rossi filed an answer, and on the same date, he filed an application in the Mahoning County Court of Common Pleas to seal the record of his criminal conviction pursuant to R.C. 2953.32.  While the *quo warranto* action was pending in the court of appeals, the common pleas court found that the interest of Rossi in having the records of his federal conviction sealed outweighed the needs of the government to maintain those records, and consequently granted Rossi's application and ordered that the records be expunged by all state agencies, courts, and prosecutor's offices concerned.  The parties filed motions for summary judgment in the *quo warranto* action.

{¶ 4} In 1999, the court of appeals granted Rossi's motion, denied Gains's motion, and denied the writ.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*Paul J. Gains*, Mahoning County Prosecuting Attorney, *pro se*.

*James R. Lanzo* and *James E. Lanzo*, for appellee.

_____

**Per Curiam.**

{¶ 6} Gains asserts that the court of appeals erred in denying the writ of *quo warranto*.  In order to be entitled to the requested writ of *quo warranto*, Gains had to establish that Rossi should be ousted from his office of village councilman because he had usurped, intruded into, or unlawfully held or exercised the office.

R.C. 2733.01(A) and 2733.14; *State ex rel. Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 643 N.E.2d 521.

{¶ 7} The version of R.C. 2961.01 in effect when Rossi took office provided:

"*A person convicted of a felony under the laws of* this or any other state or *the United States, unless his conviction is reversed or annulled, is incompetent* to be an elector or juror, or *to hold an office of honor, trust, or profit.* When any such person is granted probation, parole, or a conditional probation, he is competent to be an elector during the period of probation or parole or until the conditions of his pardon have been performed or have transpired, and thereafter following his final discharge. *The full pardon of a convict restores the rights and privileges so forfeited under this section*, but a pardon shall not release a convict from the costs of his conviction in this state, unless so specified." (Emphasis added.) 134 Ohio Laws, Part II, 1866, 2004.[1]

{¶ 8} The court of appeals determined that Rossi's expungement of his federal conviction under the provisions of R.C. 2953.32 and 2953.33 restored the right to hold office that R.C. 2961.01 had taken away from him.

{¶ 9} Under R.C. 2953.32(C), in an expungement proceeding:

"If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to

---

1. R.C. 2961.01 was amended effective March 17, 1998, in Amended Substitute Senate Bill No. 111, but remains substantially the same for purposes of our discussion here.

the satisfaction of the court, *the court*, except as provided in division (G) of this section, *shall order all official records pertaining to the case sealed* and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. *The proceedings in the case shall be considered not to have occurred and the conviction* or bail forfeiture *of the person who is the subject of the proceedings shall be sealed*, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code." (Emphasis added.)

{¶ 10} The R.C. 2953.32(C)(2) order to seal the record of a person's conviction "*restores the person* who is the subject of the order *to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole*." (Emphasis added.) R.C. 2953.33(A).

{¶ 11} Under the applicable rule of statutory construction, all statutes relating to the same general subject matter must be read *in pari materia*. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 29, 697 N.E.2d 610, 615. Further, in interpreting related and co-existing statutes, we must harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict. *State v. Patterson* (1998), 81 Ohio St.3d 524, 526, 692 N.E.2d 593, 595. In addition, the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes. R.C. 1.11; *Barker v. State* (1980), 62 Ohio St.2d 35, 42, 16 O.O.3d 22, 26, 402 N.E.2d 550, 555.

{¶ 12} In construing these provisions in accordance with the foregoing guidelines, it is evident that expungement of a felony conviction under R.C. 2953.32 and 2953.33 restores a person's competency to hold an office of honor, trust, or profit.

**{¶ 13}** In other words, R.C. 2961.01 does not expressly provide that the reversal, annulment, or pardon mentioned in that statute are the *sole* methods for a convicted felon to restore that person's competency to hold an office of honor, trust, or profit. And R.C. 2953.33(A) provides that an expungement order restores "all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole." Unlike R.C. 2921.02(F), which was at issue in *State v. Bissantz* (1988), 40 Ohio St.3d 112, 532 N.E.2d 126, and provides that a person convicted of bribery is "forever disqualified from holding any public office, employment, or position of trust in this state," the more general provisions in R.C. 2961.01 contain no similar, specific, and permanent disqualification.

**{¶ 14}** Therefore, in construing R.C. 2961.01, 2953.32, and 2953.33 *in pari materia* and liberally construing the expungement provisions in R.C. 2953.32 and 2953.33, the statutes are capable of being harmonized so that the expungement provisions of R.C. 2953.32 and 2953.33 provide certain convicted felons with an additional avenue to restore rights and privileges they forfeited under R.C. 2961.01.[2] The fact that the phrase "or pardon" is not included in R.C. 2953.33(A) does not alter this conclusion because the plain language of R.C. 2953.33(A) supports its application to convicted felons who have received an order sealing the record of their conviction. A convicted felon's right or privilege, upon a successful election, to hold a public office is "not otherwise restored by termination of sentence or probation or by final release on parole."

**{¶ 15}** The foregoing construction of the expungement statutes does not violate the Supremacy Clause of the United States Constitution despite the fact that

---

2. The court of appeals in *State v. Bissantz* (Sept. 14, 1987), Clermont App. No. CA86-02-011, unreported, 1987 WL 16919, affirmed (1988), 40 Ohio St.3d 112, 532 N.E.2d 126, reached a similar conclusion by noting that "[t]he expungement statutes were designed to relieve the general disabilities of R.C. 2961.01, not the specific disability of R.C. 2921.02(F)." See, also, *Gebell v. Dollison* (1978), 57 Ohio App.2d 198, 200, 9 O.O.3d 23, 24, 386 N.E.2d 845, 846-847.

Rossi's federal conviction continues to be an unsealed record in the federal district court that issued the conviction.

{¶ 16} Although the expungement provisions are imprecise regarding the manner in which the courts are to perform their statutory duties, these statutes require the expungement of only those records located within the territorial jurisdiction of the state. See *Barker*, 62 Ohio St.2d at 42, 16 O.O.3d at 26-27, 402 N.E.2d at 555 (expungement of West Virginia convictions). "[R.C.] 2953.32 cannot be construed as affecting federal records either maintained or in the custody of federal officers," but "[w]hat the States do with their records and information received [from federal courts] concerns the States, not the federal courts." *Schwab v. Gallas* (N.D.Ohio 1989), 724 F.Supp. 509, 510.

{¶ 17} More importantly, we agree with the court of appeals in *In re Application of Pacifico* (Sept. 18, 1998), Montgomery App. No. 16768, unreported, 1998 WL 636994, that "where the state of Ohio has created a disability resulting from a federal conviction, it may constitutionally provide for the removal of that disability; by contrast, where the federal government has created, or mandated, a disability resulting from a federal conviction, the state of Ohio may not provide for the removal of that federally created disability without offending the Supremacy Clause." Here, Ohio has created a general disability resulting from a federal felony conviction under R.C. 2961.01 and has provided a means to remove that general disability in the expungement statutes. This result does not violate the Supremacy Clause.

{¶ 18} Based on the foregoing, the court of appeals correctly denied the writ. Gains did not establish that following the expungement order, Rossi was

unlawfully holding the office of village councilman.[3]  We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

——————————

3. By so holding, we need not decide whether Rossi acted with sufficient diligence in removing his disability after assuming office because Gains does not raise this issue on appeal.