OPINION
Appellant, Meredith Bowersock, appeals from the July 12, 1999 decision and entry of the Franklin County Court of Common Pleas denying her application to seal her felony criminal record. For the reasons that follow, we reverse and remand for a hearing as to whether appellant is a first offender within the meaning of R.C. 2953.31.
On April 20, 1999, appellant filed an application in the court of common pleas requesting the sealing of all official records of conviction in criminal case number 92CR-05-2382(A). Appellant alleged that she was a first offender as defined in R.C.2953.31 and that her application met all the requirements for the sealing of a felony criminal record as set forth in R.C. 2953.32. On May 18, 1999, the prosecution filed an objection to the application on the ground that appellant did not meet the statutory definition of a first offender. The prosecution based its objection on the expungement investigation completed by the probation department consisting of a copy of the docket sheet in case number 92CR-05-2382(A) and a criminal history record from the Bureau of Criminal Identification and Investigation.
On July 12, 1999, the trial court denied the application. The trial court found that appellant was indicted on June 23, 1992, on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, felonies of the first degree, and one count of aggravated trafficking in drugs in violation of R.C.2925.03, a felony of the second degree. The trial court also found that the events giving rise to Count 1 of the indictment occurred on April 16, 1992, the events giving rise to Count 2 of the indictment occurred on April 28, 1992, and the events giving rise to Count 3 of the indictment occurred on April 9, 1992.[1] The trial court also noted that on February 3, 1993, appellant had entered pleas of guilty to the lesser included offense of Count 1 of the indictment, aggravated trafficking in drugs, in violation of R.C. 2925.03, a felony of the third degree, and to the lesser included offense of Count 3 of the indictment, aggravated trafficking in drugs, in violation of R.C. 2925.03, a felony of the third degree.
The trial court based its denial of appellant's application on the ground that appellant does not qualify as a first offender under R.C. 2953.31(A). The definitions of "first offender" contained in R.C. 2953.31(A) provides, as follows:
 "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
The trial court reasoned that, "even under the most liberal interpretation of terms such as `transaction' and `act', this Court cannot hold that the events giving rise to the two Counts of which applicant was convicted, occurring on April 9, 1992 and April 16, 1992, respectively, constituted the same act or transaction." (Decision and Entry at 3.)
Appellant appealed, assigning as error the following:
 The judgment of the court of common pleas denying Applicant-Appellant's application for the sealing of her felony criminal record on the sole ground that she was not a first offender as defined by R.C. 2953.31(A) is contrary to law and is not supported by the record: (A) the court erred as a matter of law when it interpreted the statute defining a first offender in a manner such that the dates of the offenses underlying multiple convictions, rather than the date (or dates) of the entry of the convictions, determine whether the applicant is a first offender; and (B) the court did not receive evidence upon, and failed to consider, the facts and circumstances underlying the two felony offenses for which Applicant-Appellant was convicted.
Appellant argues that, in denying her application, the trial court focused solely on the second sentence of the statutory definition and failed to consider that she qualified as a first offender under the first sentence of the definition. Appellant contends that, because her two convictions for trafficking in drugs were entered at the same time and in the same proceeding, one conviction cannot be deemed previous or subsequent to the other. The state responds that merely because multiple offenses are disposed of at one proceeding does not mean that the charges merge for purposes of expungement. The state contends that, if multiple convictions result from offenses committed at separate times by separate acts, the trial court is without jurisdiction to order the convictions sealed.
Whether one is a first offender is a question of law to be determined de novo by a reviewing court. State v. Derugen
(1996), 110 Ohio App.3d 408, 410. But whether the facts in any case meet the definition of first offender is, in many cases, a question of fact. State v. Patterson (Mar. 27, 1998), Hamilton App. No. C-970285, unreported.
We are cognizant that the remedial provisions of R.C.2953.32 and 2953.33 must be liberally construed to promote their purposes. R.C. 1.11; Barker v. State (1980), 62 Ohio St.2d 35,42; State ex rel. Gains v. Rossi (1999), 86 Ohio St.3d 620, 622. However, in the absence of any ambiguity in the language of the statute, there is no need to resort to consideration of legislative intent. It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute. State ex rel. Burrows v. Indus.Comm. (1997), 78 Ohio St.3d 78, 81; In re Collier (1993),85 Ohio App.3d 232, 237. ("Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent.")
Here, appellant would have us focus on the "who previously or subsequently has not been convicted" language of the statute and would have us ignore the phrase "anyone who has been convicted of an offense." (Emphasis added.) The fact that all charges against appellant were disposed of in a single proceeding does not automatically lead to the conclusion that those charges merged into a single offense for expungement purposes. Derugen,supra, at 411; State v. Saltzer (1985), 20 Ohio App.3d 277, 278. Although appellant's convictions were entered simultaneously, she still was convicted of more than "an" offense. Therefore, she does not qualify as a first offender under the general rule set forth in the first sentence of the definition.
Thus, we must turn to the language of the second sentence in the definition that creates an exception for those instances where the offender has committed multiple offenses at the same time or as a result of the same act. The second sentence of R.C. 2953.31(A) requires the court to make a factual determination whether the multiple offenses for which appellant has been convicted have a sufficient connection or relationship to each other such that "they result from or are connected with the same act." If so, appellant may still be eligible for sealing of her criminal records. In this case, it is clear that appellant's offenses were not committed at the same time; however, the record does not reveal whether the two offenses, which took place seven days apart, were as a result of or were connected with the same act. The dates the offenses were committed is one factor the court must consider, but the court must also examine the facts comprising the offenses before determining whether the offenses "result from or are connected with the same act."
In Patterson, the offenses for which Patterson was convicted occurred seven months apart. The indictment alleged that, on July 5, 1995, Patterson made a material false statement under oath or affirmation to the grand jury investigating election falsification, and that, on December 1, 1994, Patterson, in a political action committee finance report did purposely state a falsehood as to a material matter relating to an election. Patterson pleaded guilty to falsification and election falsification. The state took the position that offenses occurring on separate dates could never constitute one conviction and argued that the facts of the underlying convictions were irrelevant. The trial court disagreed, finding that the facts merged the conviction into one for purposes of sealing the applicant's record, and the court of appeals affirmed. Similarly, in State v. Porter (Dec. 30, 1992), Medina App. No. 2114, unreported, the applicant was charged and convicted of one count of aggravated trafficking for selling a quantity of LSD to an undercover narcotics officer on May 30, 1982. He was also charged and convicted with drug abuse for possessing an amount of LSD on June 1, 1982, some of which he had earlier sold to the undercover officer. The court of appeals affirmed the decision of the trial court that the convictions resulted from or were connected to the same act.
Here, the trial court apparently believed that the fact that the offenses were committed seven days apart was conclusive evidence the offenses did not result from or were not connected with the same act. The trial court interpreted the statute as requiring the two counts of which appellant was convicted to constitute "the same act or transaction." (Decision and Entry Denying Application to Seal Record at 3.) This is not the appropriate standard. Events occurring at different times may still result from or be connected with the same act so as to constitute one conviction for purposes of the expungement statute. However, the facts underlying appellant's convictions were not before the trial court and were not considered. It is not evident from the record that appellant's convictions did not result from or were not connected with the same act. Appellant is entitled to a hearing to determine if her two convictions are linked together logically in such a manner that she would qualify for first offender status with respect to the sealing of her criminal record.
Based on the foregoing, we overrule in part and sustain in part appellant's sole assignment of error. The judgment of the court of common pleas is reversed and remanded to allow the court to conduct a hearing and take evidence on the facts underlying her criminal convictions and to make a new determination as to whether appellant qualifies as a first offender under R.C. 2953.31(A).
 _________________ LAZARUS, J.
BRYANT and KENNEDY, JJ., concur.
[1] We assume the trial court had before it a copy of the indictment; however, such was not included in the record on appeal.