ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Paul Drago appeals from a judgment entry of the South Euclid Municipal Court denying his motion to seal the record of his conviction for domestic violence. The court denied this motion in part because R.C.2953.36, as amended March 23, 2000, prohibited the sealing of records of convictions for violent offenses. Drago maintains that the application of R.C. 2953.36 to his case constituted an ex post facto law. We have concluded that the expungement provisions of R.C. 2953.31 et seq. are remedial in nature and, therefore, the retroactive application of R.C.2953.36 does not violate the constitutional prohibition against ex post facto legislation. Accordingly, we affirm the judgment of the trial court.
The record before us reveals that, on October 29, 1996, Drago pled no contest to domestic violence, a first degree misdemeanor. Thereafter, the court found Drago guilty and sentenced him to a suspended 180 days jail term, a fine of $1,000, and two years of active probation.
Drago successfully completed his probation on October 29, 1998, and could have filed for expungement any time after October 29, 1999. On July 17, 2000, Drago filed a motion to seal the record of his conviction pursuant to R.C. 2953.32. After full briefing, the court conducted a hearing on October 10, 2000. In a judgment entry filed on November 28, 2000, the trial court denied this motion, stating in part:
 The court further finds, however, that defendant's motion must be denied for the following reasons: (1) that the interests of the applicant in having the records pertaining to the applicant's conviction sealed are outweighed by the legitimate needs of the government to maintain those records; and (2) because convictions for domestic violence are prohibited from being sealed under the revised provisions of O.R.C. 2953.36(C), effective March 23, 2000.
Drago filed a notice of appeal from this decision, presenting the following assignment of error for our review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND DE NOVO REVIEW IS PROPER WHERE IN THE INSTANT CASE, OHIO REVISED CODE § 2953.36 WAS UNCONSTITUTIONALLY APPLIED IN VIOLATION OF THE UNITED STATES CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS.
Drago urges that the application of R.C. 2953.36(C), as amended March 23, 2000, violated the constitutional prohibition against ex post facto laws because the amended statute denied him an opportunity to expunge his domestic violence conviction which existed before amendment. He therefore seeks a reversal of the trial court's judgment in this regard. South Euclid contends that the statutory scheme is remedial in nature and, thus, exempt from the limitation against ex post facto legislation.
We begin our analysis by examining R.C. 2953.31 et seq. Pursuant to R.C. 2953.32, [A] first offender may apply to the sentencing court * * * for the sealing of the conviction record. However, R.C. 2953.36 precludes expungement of certain crimes. On the date of Drago's offense, the statute provided:
 Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is subject to a mandatory prison term, convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321 [2907.32.1], 2907.322 [2907.32.2], or 2907.323 [2907.32.3], former section 2907.12, or Chapter 4507., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, or bail forfeitures in a traffic case as defined in Traffic Rule 2.
Effective March 23, 2000, however, the General Assembly amended R.C.2953.36, adding Subsection (C) to preclude the expungement of certain violent offense convictions, including domestic violence, a misdemeanor of the first degree of which Drago has been convicted in the instant case. As amended, R.C. 2953.36 now states:
 2953.36 CONVICTIONS PRECLUDING SEALING Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
 (A) Convictions when the offender is subject to a mandatory prison term;
 (B) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4507., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters;
 (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
 (D) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony;
 (E) Convictions of a felony of the first or second degree;
 (F) Bail forfeitures in a traffic case as defined in Traffic Rule 2.
(Emphasis added.)
Section 10, Article I of the United States Constitution provides in part that No State shall * * * pass any * * * ex post facto Law." Likewise, Section 28, Article II of the Ohio Constitution states, The general assembly shall have no power to pass retroactive laws * * *.
It is well established that remedial laws are exempt from these constitutional limitations. See, e.g., Bielat v. Bielat (2000),87 Ohio St.3d 350, 354; State v. Cook (1998), 83 Ohio St.3d 404, 423. Further, the expungement provisions of R.C. 2953.31 et seq. are remedial in nature. See State ex rel. Gains v. Rossi (1999), 86 Ohio St.3d 620,622. Therefore, the amended expungement provisions do not violate the constitutional prohibition against ex post facto laws.
In State v. Glending (Oct. 8, 1998), Cuyahoga App. No. 74066, unreported, we considered a similar issue. In that case, Glending pled guilty to corruption of a minor on November 24, 1992. Thereafter, effective December 9, 1994, the legislature amended R.C. 2953.36 to exclude the expungement of convictions for sexual offenses. On appeal, we stated:
 The State correctly points out that R.C. 2953.36
may be applied retroactively. Generally, Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws. However, in Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743, the Ohio Supreme Court found that a remedial law is exempt from this constitutional limitation on retroactivity, while a substantive law is not. Furthermore, it is well established in Ohio that the expungement statute set forth in R.C. 2953.31 et seq. is remedial in nature.
 State v. Bissantz (1987), 30 Ohio St.3d 120, 121, 507 N.E.2d 1117; State v. Hartup (March 12, 1998), Cuyahoga App. No. 72379, unreported at 7. In Hartup, supra, at 5-7, this Court held that the retroactive application of R.C. 2953.36 does not violate the prohibition of ex post facto laws in Article I, Section 10 of the United States Constitution. * * *
Glending, supra.
We have considered Drago's argument that, under Weaver v. Graham(1981), 450 U.S. 24, 101 S.Ct. 960, 968, 67 L.Ed.2d 17, the amendments to R.C. 2953.36 substantially altered the consequences attached to his crime. In Weaver, the Court found a Florida statute which reduced the amount of gain time which could be deducted from a convicted prisoner's sentence constituted an unconstitutional ex post facto law. The Court stated in its syllabus:
 (a) For a criminal or penal law to be ex post facto, it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. Lindsey v. Washington, 301 U.S. 397, 401; Calder v. Bull, 3 Dall. 386, 390. It need not impair a "vested right." Even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Ex Post Facto Clause if it is both retrospective and more onerous than the law in effect on the date of the offense. Pp. 28-31.
 (b) The effect, not the form, of the law determines whether it is ex post facto. Although the Florida statute on its face applies only after its effective date, respondent conceded that the statute is used to calculate the gain time available to prisoners, such as petitioner, convicted for acts committed before the statute's effective date. Regardless of whether or not the prospect of gain time was in some technical sense part of the petitioner's sentence, the statute substantially alters the consequences attached to a crime already completed, changing the quantum of punishment, and thus is a retrospective law which can be constitutionally applied to petitioner only if it is not to his detriment. Pp. 31-33.
 (c) The Florida statute is disadvantageous to petitioner and other similarly situated prisoners. The reduction in gain time that had been available under the repealed statute for abiding by prison rules and adequately performing assigned tasks lengthens the period that someone in petitioner's position must spend in prison.
 It is immaterial that other statutory provisions were also enacted whereby a prisoner might earn extra gain time by satisfying extra conditions. The award of such extra gain time is purely discretionary, contingent on both the correctional authorities' wishes and the inmate's special behavior, and thus none of the provisions for extra gain time compensates for the reduction of gain time available solely for good conduct. The new provision therefore constricts the inmate's opportunity to earn early release and thereby makes more onerous the punishment for crimes committed before its enactment. Pp. 33-36.
Drago makes a compelling argument based on Weaver because the amendments to the expungement provisions in the instant case substantially altered the consequences of Drago's 1996 domestic violence conviction by removing the opportunity for expungement. However, the Supreme Court subsequently modified its holding in Weaver. In California Dept. of Corrections v. Morales (1995) 514 U.S. 499, 506-507, n. 3,115 S.Ct. 1597, 131 L.Ed.2d 588, the Court stated:
 Our opinions in Lindsey, Weaver, and Miller suggested that enhancements to the measure of criminal punishment fall within the ex post facto prohibition because they operate to the "disadvantage" of covered offenders.
 See Lindsey, 301 U.S. at 401; Weaver, 450 U.S. at 29; Miller, 482 U.S. at 433. But that language was unnecessary to the results in those cases and is inconsistent with the framework developed in Collins v. Youngblood, 497 U.S. 37, 41, 111 L.Ed.2d 30, 110 S.Ct. 2715 (1990). After Collins, the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor, as the dissent seems to suggest, on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," see post, at 518, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. (Emphasis added.)
Here, the amendments to R.C. 2953.36 may have produced some ambiguous sort of disadvantage for Drago by foreclosing his opportunity to have his criminal record expunged. However, these amendments did not alter the definition of his criminal conduct or increase the penalty for his conduct, and under Morales, this is the standard to be applied to ex post facto inquiries. Based upon the foregoing, we have concluded that the retroactive application of R.C. 2953.36(C) to Drago's case does not violate the constitutional prohibitions against ex post facto legislation.
Finally, a complete review of the trial court's order reveals that the court denied Drago's expungement request on two bases. The entry reads in part:
 The court further finds, however, that defendant's motion must be denied for the following reasons: (1) that the interests of the applicant in having the records pertaining to the applicant's conviction sealed are outweighed by the legitimate needs of the government to maintain those records; and (2) because convictions for domestic violence are prohibited from being sealed under the revised provisions of O.R.C. 2953.36(C), effective March 23, 2000. (Emphasis added.)
In this instance, the court exercised its discretion when it denied the expungement request in part by weighing the government's interest against Drago's interest. The record fails to establish that the trial court abused its discretion in this regard. Accordingly, we have concluded that the court properly denied Drago's motion to seal the records of his conviction because the expungement provisions of R.C. 2953.36 et seq. are remedial in nature, because Drago has not demonstrated that the alleged ex post facto application altered the definition of criminal conduct or increased the penalty, and because the trial court exercised its discretion to deny his request and no abuse of that discretion has been demonstrated. We therefore overrule this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ O'DONNELL:
JAMES D. SWEENEY, P.J. and PATRICIA A. BLACKMON, J. CONCUR.