[Cite as *State v. VanWey*, 2023-Ohio-3116.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Respondent-Appellant

-vs-

KADANCE N. VANWEY

    Petitioner-Appellee

JUDGES:
Hon. John W. Wise, P.J.
Hon. William B. Hoffman, J.
Hon. Andrew J. King, J.

Case No. CT2023-0031

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the County Court, Case No. CRB1700137(A) |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | September 5, 2023 |

APPEARANCES:

For Respondent-Appellant

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

For Petitioner-Appellee

KADANCE N. WANWEY
PRO SE
5025 Brentwood Park
Nashport, Ohio 43830

*Wise, J.*

{¶1}    Appellant State of Ohio appeals from the April 17, 2023 judgment entry of the Muskingum County Court. Appellee is Kadance N. Hutchins VanWey. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On February 9, 2017, Appellant filed a complaint charging Appellee with one count of Assault in violation of R.C. §2903.13(A) and one count of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs in violation of R.C. §4511.19(A)(1)(a).

{¶3}    On February 13, 2017, Appellee entered a plea of no contest to the charges and was found guilty. She was sentenced to two ten-day jail sentences to be served consecutively, ordered to pay $375 fine, pay court costs, complete a seventy-two-hour Driver's Intervention Program, attend counseling, and have no further criminal convictions or first-degree misdemeanor traffic offenses for sixty-months. Appellee's license was suspended for 180 days.

{¶4}    On March 13, 2018, Appellee filed a Motion to Seal Record.

{¶5}    On April 18, 2018, Appellant filed an Objection to Appellee's Motion to Seal Record arguing that the final date of discharge had not yet occurred, that she is ineligible to have the record sealed as her Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs is exempt from sealing.

{¶6}    The trial court granted Appellee's Motion.

{¶7}    On July 9, 2018, Appellant filed an appeal to the April 18, 2018 arguing the trial court inappropriately granted the motion.

{¶8}   On December 26, 2018, this Court found that the final date of discharge had not yet occurred, and the trial court erred in granting Appellee's Motion to Seal the Record. *State v. Hutchins*, 5th Dist. Muskingum No. CT2018-0032, 2018-Ohio-5382, ¶30.

{¶9}   On February 17, 2023, Appellee filed an Application to Seal a Criminal Record pursuant to R.C. §2953.32 requesting the trial court seal the record of her conviction for assault.

{¶10}  On April 14, 2023, Appellant filed an Objection to Defendant's Application to Seal Criminal Record arguing that the assault is just one of two convictions in the applicable case. The other conviction, Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, is ineligible to be sealed. Therefore, the case records cannot be sealed.

{¶11}  The trial court granted Appellee's Application to Seal a Criminal Record.

## ASSIGNMENTS OF ERROR

{¶12}  Appellant filed a timely notice of appeal and herein raises the following Assignment of Error:

{¶13}  "I. THE TRIAL COURT ABUSED ITS DISCRETION BY SEALING KADANCE VANWEY'S ASSAULT CONVICTION IN CRB1700137(A) BECAUSE THAT CASE NUMBER ALSO INCLUDED AN EXEMPT-FROM-SEALING CONVICTION FOR AN OVI."

## I.

{¶14}  In Appellant's first Assignment of Error, Appellant argues the trial court erred in granting Appellee's Application to Seal a Record. We agree.

**{¶15}** "An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard." *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶6. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶16}** However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶6. A trial court's interpretation of a statute is a question of law that we review *de novo*. *State Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶9. Whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide *de novo*. *State v. D.D.G.* 8th Dist. Cuyahoga No. 108291, 2019-Ohio-4982, 136 N.E.3d 1271, ¶13, citing *M.E.* at ¶7.

**{¶17}** We will apply an abuse of discretion standard of review to the trial court's factual determinations related to Appellee's Application to Seal a Record and a *de novo* standard to issues involving statutory interpretation of the relevant sealing statutes.

**{¶18}** "While expungement is a state-created act of grace and 'is a privilege, not a right,' *M.E.* at ¶7, quoting *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), a trial court may only grant expungement when an applicant meets all of the statutory requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996)." *M.E.* at ¶7, quoting *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶10.

**{¶19}** Further, "[s]tatutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties

in obtaining justice.' " *State v. [C.L.H]*, 10th Dist. Franklin No. 18AP-495, 2019-Ohio-3786, ¶14, quoting *State v. C.A.* 10th Dist. Franklin No. 14AP738, 2015-Ohio-3437, ¶11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11.

**{¶20}** At the time of Appellee's Application to Seal a Record, R.C. §2953.33 governed the sealing of a record of conviction for 'eligible offenders.'

**{¶21}** Pursuant to R.C. §2953.31, in effect at the time Appellee filed her motion to seal:

> (A)(1) "Eligible offender" means either of the following:
>
> (a) Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;
>
> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions, in this state or any other jurisdiction. The conviction that is requested to be sealed shall be a conviction that is eligible

for sealing as provided in section 2953.36 of the Revised Code. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

**{¶22}** R.C. §2953.32, in effect at the time Appellee filed her motion to seal, in pertinent part, states:

(A)(1) Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (A)(1)(d) of this section, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code.

**{¶23}** R.C. §2953.36, in effect at the time Appellee filed her motion to seal, in pertinent part, states:

(A)     Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

\* \* \*

(2) Convictions under section 2907.02, 2907.03, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2954.61 of the Revised Code[.]

**{¶24}** Appellant herein argues that the trial court erred when it granted Appellee's Application for Sealing a Record of her criminal conviction because her conviction for Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs in violation of R.C. §4511.19(A)(1)(a) cannot be sealed, and Appellee's conviction for Assault in violation of R.C. §2903.13(A) is part of the same case.

**{¶25}** The Supreme Court of Ohio has held that "an applicant with multiple convictions in one case may not partially seal his or her record pursuant to R.C. 2953.32 when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36." *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶18, citing *Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, at ¶21.

**{¶26}** In the case *sub judice*, the record before us shows Appellee was charged and pled no contest to both Assault in violation of R.C. §2903.13(A) and Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs in violation of R.C.

§4511.19(A)(1)(a) as part of case 1700137. Appellee's Operation of a Motor Vehicle While Under the Influence of Alcohol or Drugs is excluded from sealing by R.C. §2953.36(A)(2), which excepts Chapter 4511 convictions.

**{¶27}** During Appellee's first attempt to seal the record with regard to her Assault conviction, she started using case number 1700137(A) to separate the two convictions. However, both the complaint and the Appellee's plea show these as part of only one case, 1700137. Appellee has failed to file a brief in support of her position that her Assault conviction is eligible to be sealed. With no evidence before this Court that the trial court can seal the record for assault without effecting the records for Appellee's conviction for Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, we find the trial court erred in granting Appellee's Application to Seal a Record. We therefore remand this matter back to the trial court.

**{¶28}** Appellant's sole assignment of error is sustained.

**{¶29}** For the foregoing reasons, the judgment of the County Court of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with the law and this Opinion.

By: Wise, J.
Hoffman, P. J., and

JWW/br  0829