[Cite as *State v. Pigg*, 2024-Ohio-5466.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DWIGHT L. PIGG, | : | Case No. 24 CAA 04 0027 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
22-CR-I-05-0308

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     November 20, 2024

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Prosecuting Attorney

By:  KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

DOUGLAS A. FUNKHOUSER
DEREK S. WELT
DANIELLA M. PROSSER
Douglas A. Funkhouser, Co., L.P.A.
765 South High Street
Columbus, Ohio 43206

*Baldwin, J.*

{¶1}    The appellant appeals the trial court's decision denying his application for expungement of the dismissed charge of improper handling of a firearm following his completion of an intervention in lieu of conviction program. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    The appellant was involved in a single-car accident on February 8, 2022. Officers from the Ohio State Highway Patrol and the Genoa Police Department responded. The appellant advised officers that he had a concealed handgun on his person, which was retrieved during a pat-down search. Officers conducted an inventory of the vehicle, at which time they discovered a second handgun. In addition, officers found open containers inside the appellant's vehicle, and observed the odor of alcohol. The appellant admitted to having consumed "two beers." Trooper Patterson conducted a Horizontal Gaze Nystagmus (HGN) test and observed that the appellant was impaired. The appellant refused a breathalyzer test.

{¶3}    The appellant was indicted on March 31, 2022, in Case Number 22CR-I-03-0202 on the following three counts: Count One, Improperly Handling of Firearms in a Motor Vehicle, for having a loaded handgun in a motor vehicle when he was under the influence of drugs or alcohol, in violation of R.C. 2923.16(D)(1) and (I), a felony of the fifth degree; Count Two, Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them – OVI in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree; and, Count Three, OVI — Refusal with Prior in violation of R.C. 4511.19(A)(2)(a) and (G)(1)(a), a misdemeanor of the first degree.

{¶4} The parties entered into an agreement in which the Improper Handling of Firearms in a Motor Vehicle felony charge and the OVI – Refusal with Prior charge were bifurcated so the appellant would be eligible for Intervention in Lieu of Conviction (ILC) on the felony charge. The OVI – Refusal with Prior charge proceeded in Case Number 22CR-I-03-0202, and the Improper Handling charge set forth in Count One and the OVI charge set forth in Count Two were dismissed. A Bill of Information was filed in Case Number 22CR-I-05-0308 charging the appellant Improperly Handling Firearms in a Motor Vehicle.

{¶5} The appellant filed a Motion to Request Intervention in Lieu of Conviction (ILC) on June 14, 2022, in Case Number 22CR-I-05-0308. The appellee did not oppose the motion. The appellant entered a plea of guilty to the charge of Improper Handling of Firearms in a Motor Vehicle, and the case was scheduled for a merit review on the ILC. The trial court granted ILC on August 12, 2022, and ordered the destruction of the firearms found during the officers' search of the appellant's vehicle. In Case Number 22CR-I-03-0202, the appellant pleaded guilty to and was found guilty of OVI - Refusal with Prior, and on August 12, 2022, was sentenced to community control for the same.

{¶6} The appellant successfully completed ILC in Case Number 22CR-I-05-0308, and on February 9, 2024, the appellee moved to dismiss the case. On February 9, 2024, the trial court issued a Judgment Entry terminating the ILC and dismissing the case.

{¶7} On February 22, 2024, the appellant filed an Application to Seal or Expunge Records of Nonconviction Pursuant to R.C. 2953.33 in both cases. The appellee objected. The trial court conducted a hearing on the appellant's Applications, and thereafter denied them, citing R.C. 2953.61(A) and finding that the firearms case occurred on the same

date and as part of the same act as the OVI case, and finding further that the facts were that the appellant had loaded handguns in his motor vehicle while under the influence of alcohol. Because cases arising out of R.C. 4511. et seq., are not subject to expungement mr, and both cases arose out of the same incident – that is, the appellant's operation of a motor vehicle while under the influence of alcohol or drugs or both – the trial court denied the Applications.

{¶8}   The appellant filed a timely Notice of Appeal, and sets forth the following sole assignment of error:

{¶9}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING MR. PIGG'S MOTION TO EXPUNGE HIS DISMISSED CHARGE OF IMPROPER HANDLING OF A FIREARM; MR. PIGG IS AN ELIGIBLE OFFENDER PURSUANT TO R.C. 2953.61 DUE TO THE LACK OF CONNECTION IN THE ACTS THAT BROUGHT ABOUT THIS CHARGE AND THE CHARGE FOR OPERATING A VEHICLE UNDER THE INFLUENCE."

### STANDARD OF REVIEW

{¶10}  The issue of expungement was recently addressed by this Court in *State v. Vanwey*, 2023-Ohio-3116 (5th Dist.):

> "An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard." *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶6. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶6. A trial court's interpretation of a statute is a question of law that we review *de novo. State Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶9. Whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide *de novo. State v. D.D.G.* 8th Dist. Cuyahoga No. 108291, 2019-Ohio-4982, 136 N.E.3d 1271, ¶13, citing *M.E.* at ¶7.

We will apply an abuse of discretion standard of review to the trial court's factual determinations related to Appellee's Application to Seal a Record and a *de novo* standard to issues involving statutory interpretation of the relevant sealing statutes.

"While expungement is a state-created act of grace and 'is a privilege, not a right,' *M.E.* at ¶7, quoting *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), a trial court may only grant expungement when an applicant meets all of the statutory requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996)." *M.E.* at ¶7, quoting *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶10.

Further, "[s]tatutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice.' " *State v. [C.L.H]*, 10th Dist. Franklin

No. 18AP-495, 2019-Ohio-3786, ¶14, quoting *State v. C.A.* 10th Dist. Franklin No. 14AP738, 2015-Ohio-3437, ¶11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11.

*Id.* at ¶¶ 15-19.

## ANALYSIS

{¶11} R.C. 2953.33 provides for the expungement of records, and states in pertinent part:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal or, except as provided in division (C) of this section, expunge the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

\* \* \*

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The court shall hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application. The prosecutor may object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing. The prosecutor shall

specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) If the person was granted a pardon upon conditions precedent or subsequent for the offense for which the person was convicted, determine whether all of those conditions have been met;

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

**{¶12}** R.C. 2953.61 addresses the effect of multiple offenses with different dispositions on applications for expungement, and states:

(A) Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32, 2953.33, or 2953.521 of the Revised Code for the sealing or expungement of the person's record in relation to any of the charges, and a prosecutor may not apply to the court pursuant to section 2953.39 of the Revised Code for the sealing or expungement of the record of a person in relation to any of the charges if the person was charged with two or more offenses as a result of or in connection with the same act, when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person, or prosecutor, would be able to apply to the court and have all of the records pertaining to all of those charges sealed or expunged pursuant to section 2953.32, 2953.33, 2953.39, or 2953.521 of the Revised Code.

(B)(1) When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507., 4510., 4511., or 4549., other than section 4511.19 or 4511.194 of

the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and if the records pertaining to all the other charges would be eligible for sealing or expungement under section 2953.33, 2953.39, or 2953.521 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed or expunged. In such a case, the court shall not order that only a portion of the records be sealed or expunged.

**{¶13}** In the case sub judice, the appellant was charged with three offenses arising out of his conduct on February 8, 2022, following his one-vehicle accident: two OVI offenses, and an Improper Handling of Firearms in a Motor Vehicle offense. The parties entered into a written plea agreement in which the Improper Handling of a Firearm charge and one of the OVI charges were dismissed. The appellant pleaded guilty to the OVI - Refusal with Prior charge, and the Improper Handling of a Firearm charge was reasserted through a bill of particulars under a different case number so the appellant would be eligible for ILC.

**{¶14}** R.C. 2953.32 addresses exclusions from expungement, and states in pertinent part:

(A)(1) Sections 2953.32 to 2953.34 of the Revised Code do not apply to any of the following:

(a)     Convictions under Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal

ordinance that is substantially similar to any section contained in any of those chapters.

{¶15}  The appellant, who pleaded guilty to and was convicted of OVI-Refusal with Prior in violation of R.C. 4511.19(A)(2)(a) and (G)(1)(a), submits that the trial court erred when it found that the improper handling of firearms in a motor vehicle charge and the OVI charge were the result of or connected with the same act. We disagree.

{¶16} The Ohio Supreme Court addressed expungement of a charge when connected to another charge which cannot by law be expunged. The defendant in *State v. Pariag,* 2013-Ohio-4010, filed an application for expungement of the records of dismissed drug charges that stemmed from a traffic accident that resulted in his conviction on a traffic charge. The Court stated:

> Pariag is ineligible to have the records of the dismissed drug charges that otherwise would be sealable under R.C. 2953.52(A) and 2953.61 sealed if all charges arose as the result of or in connection with the same act. R.C. 2953.61 thus focuses not on when separate offenses occurred, but on whether they arose from the same conduct of the applicant. Upon remand, the trial court must decide whether the dismissed drug charges stemmed from the same act as Pariag's traffic violation. If the court finds that the same conduct generated both charges, the conviction for the unsealable traffic offense will prevent records from the otherwise sealable dismissed drug charges from being sealed.

*Id.* at ¶20. In this case, the trial court correctly determined that the dismissed Improper Handling of Firearms charge stemmed from the same conduct as the appellant's OVI-

Refusal with Prior charge, and offense that is not subject to expungement. Accordingly, the appellant's sole assignment of error is without merit.

### CONCLUSION

{¶17} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Delaware County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.