724 F.Supp. 509 (1989)
Anthony SCHWAB, Plaintiff,
v.
James S. GALLAS, et al., Defendants.
No. C89-1506.
United States District Court, N.D. Ohio, E.D.
November 9, 1989.
Joseph H. Weiss, Jr., Chesterland, Ohio, for plaintiff.
Lynn H. Buck, Asst. U.S. Atty., Cleveland, Ohio, for defendants.

ORDER
BATTISTI, Chief Judge.
Defendant United States, the real party in interest for federal Defendants James S. Gallas, Clerk of Court, United States District Court for the Northern District of Ohio ("Gallas") and the Federal Bureau of Investigation ("FBI")[1] have filed a Motion to Dismiss Plaintiff Anthony Schwab's Application for Expungement of Criminal Record of Conviction in Federal Court. *510 Schwab has not opposed the Motion.[2] For the following reasons, the Motion is granted as to Defendants Gallas and FBI, and the remainder of Plaintiff's Application for Expungement is Remanded, pursuant to 28 U.S.C. § 1447(c), to State Court.
Schwab commenced this action in the Court of Common Pleas, Cuyahoga County, on June 27, 1989. After Defendants received the Application for Expungement on July 11, 1989, Defendants Gallas and FBI properly and timely removed, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) & (3), and 1446(b), this action to federal court on August 9, 1989. Although this Court has original jurisdiction over federal defendants Gallas and the FBI under 28 U.S.C. § 1442(a)(1) & (3), the Court declines exercising its pendent jurisdiction over the claim against Defendant Ohio Bureau of Criminal Identification and Investigation. United Mine Workers v. Gibbs, 383 U.S. 715, 725-726, 86 S.Ct. 1130, 1138-39, 16 L.Ed.2d 218 (1966).
The underlying facts involve a criminal conviction under 18 U.S.C. § 659 in U.S.A. v. Anthony Schwab, CR74-239 (N.D.Ohio 1975) (Battisti, J.) See Application for Expungement, Exhibit A. Schwab served a suspended sentence and was placed on three years probation. In the Application for Expungement, Schwab alleges that he successfully completed his probation, was a first offender entitled to expungement under O.R.C. § 2953.32, has subsequently maintained a law-abiding life, and has been rehabilitated. Application ¶¶ 3-5.
In the Motion to Dismiss, the United States argues that Schwab has not pleaded any facts or any federal statutory cause of action entitling him to relief. The lone statutory cause of action, under O.R.C. § 2953.32 grants jurisdiction to Ohio Common Pleas Courts to expunge criminal convictions.[3] However inartfully drafted, Section 2953.32 cannot be construed as affecting federal records either maintained or in the custody of federal officers. If this interpretation were true, the Court agrees with Defendants that the state statute would conflict with the express statutory duty of federal officials, under 28 U.S.C. 534(a)(1) "to acquire, collect, classify, and preserve" criminal records. Thus, it would violate the Supremacy Clause, U.S. Const. Art. VI, cl. 2, and be unconstitutional as applied. Prudence and comity require the Court to avoid a constitutional ruling when possible. The federal statute further provides that the Attorney General shall "exchange such records and information with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions." 28 U.S.C. § 534(a)(4). The language does not require the State to preserve this information. What the States do with their records and information received concerns the States, not the federal courts. As to federal records maintained by federal officials, the federal statutory provisions do not create a right to expungement, express a clear need to aid law enforcement, and apparently offer Schwab no federal statutory claim of right for expungement.
In the absence of a federal statutory claim against Defendants Gallas and the FBI, the remedy of expungement invokes a federal court's equitable jurisdiction.[4] It *511 "is within the inherent powers of a federal court to order the expungement of a record in an appropriate case," United States v. Doe, 556 F.2d 391, 393 (6th Cir.1977); or "when necessary to preserve legal rights." United States v. McMains, 540 F.2d 387, 389 (8th Cir.1976).
Generally, federal courts have utilized this narrow power in cases of illegal prosecution or arrests pursuant to unconstitutional statutes. United States v. Linn, 513 F.2d 925, 927 (10th Cir.1975), cert. denied, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1976). Others have required a showing of extraordinary circumstances. See, e.g., United States v. Stromick, 710 F.Supp. 613, 614 (D.Md.1989) (equitable relief might be appropriate if denied security clearance, a specific job opportunity, or materially harmed by presence of criminal records); Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 554 (9th Cir.1988) (Expungement will be ordered where necessary to vindicate constitutional or statutory rights).
Determining which cases fall into the narrow category requires balancing the interest of the government in maintaining law enforcement records against the individual's rights or the harm to the individual resulting from maintaining the records. Reyes v. Supervisor of Drug Enforcement Administration, 647 F.Supp. 1509, 1513 (D.Puerto Rico 1986).
On a Motion to Dismiss for failure to state a claim upon which relief can be granted, a Court assumes the facts pleaded are true, and should not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
In the case sub judice, the fact that Schwab has led a law-abiding life subsequent to his felony conviction does not meet the standard of "an appropriate case." U.S. Doe, supra. Schwab has pleaded no facts showing a deprivation of any federal rights, employment opportunities, or the like. Balancing the government's need for effective law enforcement against the minor harm, if any, to Schwab, the Court concludes that expungement of federal records, maintained by Gallas and the FBI, is inappropriate.
Accordingly, the claims against Defendants Gallas and the FBI are dismissed without prejudice under Fed.R.Civ.P. 12(b)(6). Since the Court lacks independent subject matter jurisdiction over the state law claim against Defendant Ohio Bureau of Criminal Identification & Investigation, this claim is Remanded to the Court of Common Pleas, Cuyahoga County.
IT IS SO ORDERED.
NOTES
[1] The Ohio Bureau of Criminal Identification & Investigation, also a party Defendant, has not filed a Motion to Dismiss in this case.
[2] Although the United States styles its Motion as a Motion to Dismiss, and does not specify the particular Federal Rule, the United States argues for dismissal with prejudice. Therefore, the Court treats it as a Motion to Dismiss under Rule 12(b)(6).
[3] O.R.C. § 2953.32 provides in pertinent part:

(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony....
[4] In contrast, for the Courts of Ohio, equitable jurisdiction to expunge records extends only to dismissed charges, not convictions  where the exclusive remedy is statutory. See Pepper Pike v. Doe, 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303, 1304 (1981); State v. Weber, 19 Ohio App.3d 214, 19 O.B.R. 359, 484 N.E.2d 207 (1984); State v. Moore, 31 Ohio App.3d 225, 31 O.B.R. 508, 510 N.E.2d 825 (1986). This fact, the legislative scheme of O.R.C. § 2953.32, and the lack of a substantial federal interest in the records held by the State of Ohio or its agencies counsel remanding this case back to the Court of Common Pleas, Cuyahoga County.