**In re Application of PACIFICO FOR SEALING OF RECORDS.**

[Cite as *In re Application of Pacifico for Sealing
of Records* (1998), 129 Ohio App.3d 152.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16768.

Decided Sept. 18, 1998.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Karyn J. Lynn,* Assistant Prosecuting Attorney, for appellee.

*Dennis A. Lieberman,* for appellant.

---

FAIN, Judge.

Petitioner–appellant Larry Pacifico appeals from a judgment overruling his petition for the sealing of records relating to his conviction in federal court. Pacifico asserts that the trial court erred by finding that the Supremacy Clause of the Constitution of the United States prohibited it from expunging the records of his federal convictions pursuant to R.C. 2953.32(A).

We conclude that while common pleas courts in this state are without jurisdiction or constitutional authority to order federal courts, agencies, or officials to seal federal conviction records, common pleas courts may nevertheless expunge federal conviction records maintained in Ohio by state officials or agencies, provided such records are not maintained or utilized by those state officials or

agencies pursuant to any federal law. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

## I

On August 7, 1997, Pacifico filed a petition for the sealing of records pursuant to R.C. 2953.32, requesting an order "directing that all official records pertaining to the case of *United States of America v. Larry Pacifico*, Case No. CR–3–87–44 be sealed and that * * * the proceedings in the case be deemed not to have occurred." The facts set forth in Pacifico's memorandum in support of his petition indicate that Pacifico was convicted in federal district court of "smuggling certain goods into the United States" and "certain prohibitive acts involving the introduction of certain substances into interstate commerce." The charges involved "anabolic steroids and certain hormones." The district court sentenced Pacifico to five years' probation, which terminated on December 1, 1992. Pacifico also asserted in his memorandum in support of his petition that since his conviction on these federal charges, he has not been convicted of any other criminal act, and "has established himself in the community and has done great work in educating the youth of the Miami Valley as to the dangers of steroids and hormones." Claiming that he "has earned the privilege of having his record sealed," Pacifico requested a hearing on his petition to have his record sealed.

The trial court overruled Pacifico's petition, without a hearing, finding that "R.C. 2953.32 violates the Supremacy Clause of the United States Constitution insofar as it purports to give common pleas courts of Ohio authority to seal federal records of conviction."

Pacifico now appeals from that judgment.

## II

In his sole assignment of error, Pacifico asserts:

"The trial court erred when it failed to grant an expungement of a record of conviction located within the territorial boundaries of the state of Ohio."

R.C. 2953.32(A)(1) provides:

"[A] first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or *in a federal court,* for the sealing of the conviction record of that offender's [*sic*]. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." (Emphasis added.)

If it deems expungement appropriate, the trial court must "order all official records pertaining to the case sealed and * * * all index references to the case deleted[.]" R.C. 2953.32(C)(2). Upon issuance of the order, "[t]he proceedings in the case shall be considered not to have occurred and the conviction * * * of the person who is the subject of the proceedings shall be sealed[.]" *Id.*

The Supremacy Clause of the Constitution of the United States provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Clause 2, Article VI, United States Constitution.

In *United States v. Andriacco* (S.D.Ohio 1996), 942 F.Supp. 1157, the court stated:

"Insofar as Ohio Revised Code [Section] 2953.32 purports to give the Court of Common Pleas jurisdiction to enter expungement and sealing orders with respect to federal convictions, it violates the Supremacy Clause of the United States Constitution, Art. VI, [Clause] 2. The Congress of the United States has the power to punish for crimes, including the crimes to which Mr. Andriacco pleaded guilty. Surely the Ohio General Assembly does not have the power to declare that all federal agencies and courts shall treat those crimes as if they had not occurred. As to the sealing of records, it is a commonplace that courts have control of their own records and it is well established that 'state courts are completely without power to restrain federal court proceedings in in personam actions * * *' Indeed, [the defendants] concede as much when [their attorney] writes 'Any order to a Federal agency to seal a federal record of conviction would have not [*sic*] force or effect as the Common Pleas Courts of Ohio certainly have no jurisdiction to order a federal agency to seal the records[.]' " (Citations omitted.) *Id.* at 1159–1160.

Additionally, in *Schwab v. Gallas* (N.D.Ohio 1989), 724 F.Supp. 509, the court stated:

"[R.C.] 2953.32 cannot be construed as affecting federal records either maintained or in the custody of federal officers. If this interpretation were true, * * * the state statute would conflict with the express statutory duty of federal officials, under 28 U.S.C., 534(a)(1) 'to acquire, collect, classify, and preserve' criminal records. Thus, it would violate the Supremacy Clause, U.S. Const. Art. VI, cl. 2, and be unconstitutional as applied." *Id.* at 510. See, also, *In re Expungement of Records of Conviction of Haller* (Aug. 7, 1997), Montgomery C.P. No. 95–4414, unreported (R.C. 2953.32, as it affects federal conviction

records, violates Supremacy Clause because it conflicts with statutory duty conferred on federal officials by Section 534, Title 28, U.S.Code, to acquire, collect, classify and preserve criminal records, and thus is preempted by same).

 Citing *Andriacco* and *Haller*, the trial court held that R.C. 2953.32(A)(1) violates the Supremacy Clause insofar as it purports to give common pleas courts in this state the authority to seal federal records of conviction. We are in agreement with that holding. Specifically, we agree that common pleas courts in this state have no jurisdiction to order a federal court or agency to seal a record of a federal conviction. *Andriacco, supra.* Moreover, interpreting R.C. 2953.32 to permit a common pleas court to issue such an order would create a conflict between that statute and Section 534, Title 28, U.S.Code; *Schwab, supra;* and *Haller, supra;* thus, the federal statute would "preempt" the state statute. See *Fid. Fed. S. & L. Assn. v. De La Cuesta* (1982), 458 U.S. 141, 152–153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664, 674–675 (preemption doctrine, which is rooted in Supremacy Clause, allows Congress to preempt state law [1] explicitly, [2] implicitly, by pervasively occupying field of regulation leaving no room for state law, or [3] when conflict arises between federal and state law).

Pacifico implicitly concedes in his appellate brief that common pleas courts lack authority to compel federal courts or agencies to expunge federal conviction records. However, Pacifico asserts that, pursuant to R.C. 2953.32, a common pleas court may order any agent of the state of Ohio to expunge an offender's federal conviction records "located within the territorial boundaries of Ohio," without violating the Supremacy Clause. Claiming that his "federal conviction imposes by operation of law certain Ohio statutory disabilities" (without, however, specifying these disabilities), Pacifico contends that "expungement of the federal conviction records located within the territorial boundaries of Ohio would serve to eliminate the Ohio disabilities but would not interfere with the integrity of the federal records of conviction."

In support of his contention, Pacifico cites *Barker v. State* (1980), 62 Ohio St.2d 35, 16 O.O.3d 22, 402 N.E.2d 550. In that case, the court held, as a threshold matter, that "Section I of Article IV of the Constitution of the United States does not place an obligation upon state courts to accord full faith and credit to extra-territorial state criminal judgments." *Id.* at 40, 16 O.O.3d at 25, 402 N.E.2d at 554. The court also held that the Full Faith and Credit Clause does not require the application of the law of the state where the crime was committed in determining whether the offender is entitled to expungement, since Ohio's interest in providing relief to qualified offenders in order to facilitate their prompt transition into productive societal roles was paramount to any interests that West Virginia, the state where the offender had been convicted, might possess. *Id.* at 40, 16 O.O.3d at 25, 402 N.E.2d at 554. Finally, the court

rejected the argument that the offender was not entitled to expungement of his record of conviction in West Virginia because Ohio courts lack authority to compel West Virginia authorities to expunge the offender's conviction records there. Specifically, the court noted that while R.C. 2953.31 *et seq.* "is indeed imprecise with regard to the manner in which the courts are to perform their statutory duty," the statute requires "only the expungement of those records located within the territorial boundaries of the state." *Id.* at 42, 16 O.O.3d at 26–27, 402 N.E.2d at 555.

Pacifico contends that the Full Faith and Credit Clause is "analogous" to the Supremacy Clause, inasmuch as the former governs relations between states, and the latter governs relations between states and the federal government. Thus, Pacifico urges, the rationale of *Barker* can and should be applied to the case before us.

For its part, the state concedes error and recommends that the trial court's decision be reversed and the cause remanded for a hearing to determine Pacifico's eligibility and suitability for expungement. The only proviso the state would attach to the remand is that Pacifico be made to demonstrate that there is, in fact, some state agency, court, or official that is required to maintain records of his federal conviction.

 Initially, we disagree with Pacifico's contention that the Full Faith and Credit Clause is "analogous" to the Supremacy Clause; the fact that the former governs relations between the states while the latter governs relations between the states and the federal government is a fundamental distinction between the clauses. Nevertheless, we agree that *Barker* is relevant to the case before us. Specifically, as stated in *Barker*, "it must be presumed that the General Assembly intended for [the expungement statute] to comport with the Constitution." *Id.,* 62 Ohio St.2d at 42, 16 O.O.3d at 26, 402 N.E.2d at 555, fn. 10, citing R.C. 1.47(A). Moreover, *Barker* found the expungement statute to be a remedial provision, which is to be liberally construed to promote its purposes. *Id.* at 42, 16 O.O.3d at 26, 402 N.E.2d at 555, fn. 11, citing R.C. 1.11. In light of *Barker*, we conclude that the trial court erred in overruling Pacifico's petition for the sealing of records on the grounds that it is unable to order federal officials or agencies to expunge federal records of conviction. Although common pleas courts in this state are without jurisdiction or constitutional authority to order federal courts, agencies, or officials to seal federal conviction records, common pleas courts may, nevertheless, expunge federal conviction records maintained in Ohio by state officials or agencies, provided that the records are not maintained or utilized by those state officials or agencies pursuant to any federal law.[1] In short, where the

---

1. One potential issue that may arise in this case once the facts are more fully developed is whether the Supremacy Clause would prevent the trial court from issuing an expungement

state of Ohio has created a disability resulting from a federal conviction, it may constitutionally provide for the removal of that disability; by contrast, where the federal government has created, or mandated, a disability resulting from a federal conviction, the state of Ohio may not provide for the removal of that federally created disability without offending the Supremacy Clause.

In light of the foregoing, we accept the state's concession of error and remand the cause for a hearing on whether Pacifico is otherwise suitable or eligible for expungement. At that hearing, Pacifico will be required, as a practical necessity, to identify the state officials or agencies maintaining records of his federal conviction, in order to allow the trial court to order that the record be sealed.

Pacifico's sole assignment of error is sustained.

## III

Pacifico's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

FREDERICK N. YOUNG, P.J., and BROGAN, J., concur.

---

order regarding records of a federal conviction that are maintained and utilized by a state official or agency pursuant to some federal law. This issue cannot be decided with any finality without knowing what state official or agency is maintaining records of Pacifico's federal conviction, or what disability is being imposed upon him. Nevertheless, if the state official or agency who is maintaining records of Pacifico's federal conviction, and using them to impose a disability upon Pacifico, is acting pursuant to a federal law, then ordering those records sealed might violate the Supremacy Clause. Cf. *Barker, supra,* 62 Ohio St.2d at 39, 16 O.O.3d at 24, 402 N.E.2d at 553, fn. 4, citing *Huntington v. Attrill* (1892), 146 U.S. 657, 673, 13 S.Ct. 224, 229–230, 36 L.Ed. 1123, 1129–1130 (pursuant to the Full Faith and Credit Clause, disabilities associated with criminal convictions in one state have no operation in another). Whether this concern applies in the instant case is an issue for the parties to litigate on remand.