The STATE of Ohio, Appellant,

v.

SHIRLEY M., Appellee.

[Cite as *State v. Shirley M.* (2000), 136 Ohio App.3d 753.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76427.

Decided Feb. 22, 2000.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Christopher L. Frey,* Assistant Prosecuting Attorney, for appellant.

*Terry H. Gilbert,* for appellee.

---

KILBANE, Judge.

Appellant state of Ohio claims that Judge Richard J. McMonagle erred when he entered an order of expungement and conviction sealing the criminal record(s) of appellee Shirley M., which were the result of her 1992 conviction in the Federal District Court for the Northern District of Ohio. The state maintains that R.C. 2953.52 is unconstitutional because it frustrates the purposes of federal law and violates the Supremacy Clause of the United States Constitution. We agree with the state, in part, and limit the sealing of M.'s records only to those maintained in Ohio, by state agencies, courts, or officials, that are not required or directed to do so pursuant to federal law. Affirmed as modified.

On March 17, 1992, M. was indicted for false, fictitious, or fraudulent claims in violation of Section 287, Title 18, U.S. Code, on charges that she knowingly presented a fraudulent tax claim to the United States Treasury Department through the IRS in November 1990. She was arrested on April 4, 1992, and, on September 2, 1992, convicted in the United States District Court for the

Northern District of Ohio. Her sentence was two years' probation, eighty days of home confinement, and two hundred hours of community work service in addition to an order that she obtain mental health counseling. She completed the terms of her sentence and the probation was terminated on September 1, 1994.

On September 2, 1998, M. filed a motion for expungement (sealing of record of first offense), in the Cuyahoga County Court of Common Pleas pursuant to R.C. 2953.32. On April 1, 1999, the state filed a brief opposing the motion. On April 21, 1999, the judge granted M.'s motion, and ordered that all official records to the case be sealed, including those of the organization that caused her arrest, the United States Marshal Service.

The state of Ohio assigns one error:

The court of common pleas lacks jurisdiction to expunge defendant's federal criminal records because R.C. 2953.32 conflicts with and frustrates the objectives of federal law and therefore violates the Supremacy Clause of the United States Constitution, Art. VI, Sec. 2.

The state contends that R.C. 2953.32 is void as to federal convictions because it violates the Supremacy Clause of the United States Constitution. It argues that R.C. 2953.32 is contrary to federal law and specifically violates the intentions of Section 534, Title 28, U.S. Code, which provides for the maintenance of federal conviction records.

R.C. 2953.32 provides:

"(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."

The Supremacy Clause of the Constitution of the United States provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding." Clause 2, Article VI, United States Constitution.

Federal law provides for the continued maintenance of federal conviction records under Section 534(a)(1), Title 28, U.S. Code, which provides:

"The Attorney General shall acquire, collect, classify, and preserve identification, criminal identification, crime and other records * * *."

In *In re Pacifico* (1998), 129 Ohio App.3d 152, 155, 717 N.E.2d 393, 395, it was determined:

"Insofar as Ohio Revised Code [Section] 2953.32 purports to give the Court of Common Pleas jurisdiction to enter expungement and sealing orders with respect to federal convictions, it violates the Supremacy Clause of the United States Constitution, Art. VI, [Clause] 2. * * * Surely the Ohio General Assembly does not have the power to declare that all federal agencies and courts shall treat those crimes as if they had not occurred. As to the sealing of records, it is a commonplace that courts have control of their own records and it is well established that 'state courts are completely without power to restrain federal court proceedings in in personam actions * * *.' *" Quoting *United States v. Andriacco* (S.D.Ohio 1996), 942 F.Supp. 1157, 1160.

The *Pacifico* court, citing *Schwab v. Gallas* (N.D.Ohio 1989), 724 F.Supp. 509, also determined:

"[R.C.] 2953.32 cannot be construed as affecting federal records either maintained or in the custody of federal officers. If this interpretation were true, * * * the state statute would conflict with the express statutory duty of federal officials, under 28 U.S.C. 534(a)(1) 'to acquire, collect, classify, and preserve' criminal records. Thus, it would violate the Supremacy Clause, U.S. Const. Art. VI, cl. 2, and be unconstitutional as applied. *Id.* at 510."

*Gallas* went on to note that although Section 534(a)(4), Title 28, U.S. Code provides for the Attorney General to exchange conviction records with officials from the federal government, states, cities, and penal institutions, that language "does not require the State to preserve this information. What States do with their records and information received concerns the States, not the federal courts. As to federal records maintained by federal officials, the federal statutory provisions do not create a right to expungement * * *." *Gallas, supra.*

However, the court in *Pacifico* noted that despite the fact that "common pleas courts in this state are without jurisdiction or constitutional authority to order federal courts, agencies, or officials to seal federal conviction records, common pleas courts may, nevertheless, expunge federal conviction records maintained in Ohio by state officials or agencies, provided that the records are not maintained or utilized by those state officials or agencies pursuant to any federal law." *Pacifico, supra.* The issue was further clarified when the Supreme Court of Ohio stated: " '[W]here the State of Ohio has created a disability resulting from a federal conviction, it may constitutionally provide for the removal of that disability; by contrast, where the federal government has created, or mandated, a disability resulting from a federal conviction, the State of Ohio may not provide for the removal of that federally-created disability without

offending the Supremacy Clause.'" *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 716 N.E.2d 204, quoting *Pacifico, supra.*

This court is aware of federally created disabilities resulting from convictions for federal crimes, but because the state failed to provide evidence that the motion to seal M.'s conviction, within the confines of state agencies, courts, and officials, was for a purpose other than a state-created disability, the Cuyahoga County Common Pleas Court has not run afoul of the Supremacy Clause.

 The judge did not err in ordering the expungement of M.'s federal conviction; rather, the boilerplate language used, obviously intended for the more common sealing of state convictions, inappropriately extended a state order to control the actions of a federal organization. It is clear that R.C. 2953.52, as drafted, if not tempered in its application, would and does violate the Supremacy Clause of the United States Constitution. As noted above, however, the courts of Ohio have carefully carved out the appropriate means with which to apply this inelegantly drafted statute. When presented with a motion to seal the record of a federal conviction, one must be mindful to limit the scope of the expungement to those records maintained in the state of Ohio by Ohio agencies, courts, and officials. See *Pacifico, supra.* Moreover, one must determine whether the order of expungement is being sought to remove a federally created disability and whether the records maintained by the state are done so because of federal direction. If either of these is present, then an order of expungement, pursuant to R.C. 2953.52, is constitutionally prohibited. See *Rossi, supra; Pacifico, supra.*

Accordingly, we affirm the order granting the sealing of the record but modify the journal entry by deleting that portion which requires the clerk of courts to serve a copy of the entry to the law enforcement official, agency, or organization that caused M.'s arrest.

*Judgment affirmed as modified.*

DYKE, P.J., and ROCCO, J., concur.