[Cite as *In re Application for Sealing of Records of Conviction of K.T.*, 2021-Ohio-228.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: APPLICATION FOR SEALING
OF RECORDS OF CONVICTION OF
K.T.

:
:
:
:
:
:
:
:
:
:

Appellate Case No. 28718

Trial Court Case No. 2019-CRJ-379

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Appellant, State of Ohio

RICHARD HEMPFLING, Atty. Reg. No. 0029986, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
     Attorney for Appellee, K.T.

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which sealed the federal criminal records of petitioner-appellee K.T. For the reasons that follow, the trial court's judgment will be reversed and remanded.

## I.      Facts and Procedural Background

{¶ 2} In 2003, K.T. was sentenced to three years of probation following a guilty plea in federal court to one count of making a false statement in a federal tax return in violation of 26 U.S.C. 7206(1).   On August 9, 2019, K.T. filed an application in the common pleas court seeking to seal the record of that conviction under R.C. 2953.32.   In the application, K.T. asserted that he was eligible to have the record sealed because he had only the one felony conviction and no disqualifying misdemeanor convictions.   He further asserted that he had been rehabilitated during the intervening 13 years since completing his probationary term.   The State opposed the motion.   The common pleas court conducted a hearing on the matter in January 2020.

{¶ 3} At the hearing, the State presented the testimony of Conchita Matson, an Identification Supervisor with the Ohio Bureau of Criminal Investigation ("BCI").   Matson testified that her department is "[r]esponsible for the upkeep of the criminal history within the State of Ohio."   Tr. p. 4.   She further testified that her department performs background checks for requesting state agencies and that, "whenever there's a background check, we will look at the rap sheet[ ] [to] make sure all the disposition information is there before we send out a record.   We add all the dispositions that come in from the court and we also maintain the arrest[s] coming in from law enforcement agencies."   *Id.*

{¶ 4} Matson further testified that BCI maintains only records of Ohio arrests and convictions; records of federal convictions are not maintained in the State of Ohio database. However, she testified that an agency may ask BCI to include any federal convictions in the report. Matson's testimony indicated that, in order to access federal records, BCI forwards fingerprints to the FBI with a request for such records; the FBI then verifies the fingerprints and sends BCI any existing federal conviction records. In turn, BCI sends the federal conviction records to the requesting agency.

{¶ 5} According to Matson, BCI does not retain a record of any federal convictions sent to it by the FBI. Thus, if a request for federal records were made at a later time, BCI would have to repeat the procedure of sending fingerprints to the FBI in order to obtain the same federal records it had previously obtained. However, on cross-examination, Matson indicated the federal records could be kept in BCI's possession for as long as 30 days while the background check is completed.

{¶ 6} Following the hearing, the common pleas court granted K.T.'s application. Its order included the following language:

> For the foregoing reasons, the Court finds to the extent the federal records are "maintained" for any length of time, even 30 days or less, the same are subject to being sealed under R.C. 2953.32. Accordingly, the Court ORDERS that all records maintained by BCI or other Ohio state officials or agencies pertaining to the above-referenced conviction at issue be sealed.

{¶ 7} The State appeals.

## II.     Analysis

**{¶ 8}** The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN PROHIBITING BCI FROM DISSEMINATING FEDERAL RECORDS OF [K.T.'S] CONVICTION THAT IT DOES NOT MAINTAIN.

**{¶ 9}** R.C. 2953.32(A)(1) provides, in pertinent part, that "* * * an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction."[1]  If, following a hearing, the court determines that an order sealing the requested records is appropriate, it "shall order all official records of the case that pertain to the conviction * * * sealed and, except as provided in division (F) of this section, all index references to the case that pertain to the conviction * * * deleted    * * * ."  R.C. 2953.32(C)(2).  Official records are those "that are possessed by any public office or agency that relate to a criminal case * * *."  R.C. 2953.51(D).

**{¶ 10}** An order sealing a record of conviction "restores the person who is the subject of the order to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole."  R.C. 2953.33(A).  The objective of the statute is "to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles."  *Barker v. State,* 62 Ohio St.2d 35, 41, 402 N.E.2d 550 (1980).  Courts must liberally construe the statute in order to achieve the legislative purpose of allowing conviction records to be sealed.  *State ex rel. Gains v. Rossi,* 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999).  However, the sealing of a criminal conviction is a privilege, not a right, bestowed by the

---

[1] The State does not contest K.T.'s status as an eligible offender.

State. *State v. Futrall*, 120 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497.

{¶ 11} Additionally, "[a]lthough the [sealing] provisions are imprecise regarding the manner in which the courts are to perform their statutory duties, these statutes require the [sealing] of only those records located within the territorial jurisdiction of the state." *Gains* at 623. In other words, "while common pleas courts in this state are without jurisdiction or constitutional authority to order federal courts, agencies, or officials to seal federal conviction records, common pleas courts may nevertheless [seal] federal conviction records maintained in Ohio by state officials or agencies, provided such records are not maintained or utilized by those state officials or agencies pursuant to any federal law." *In re Application of Pacifico for Sealing of Records*, 129 Ohio App.3d 152, 153-54, 717 N.E.2d 393 (2d Dist.1998).

{¶ 12} In that context, we note that the narrow issue we are called upon to decide is whether an Ohio common pleas court can order BCI not to disseminate a federal conviction record to a State agency that has requested BCI to conduct a criminal records check. We conclude that, to the extent such an order would conflict with R.C. 2953.32(D), a court cannot prohibit BCI from such activity as part of an order sealing a record.

{¶ 13} R.C. 2953.32(D) states in pertinent part as follows:

(D) Inspection of the sealed records included in the order may be made only by the following persons or for the following purposes:

* * *

(8) By the bureau of criminal identification and investigation or any authorized employee of the bureau for the purpose of providing information to a board or person pursuant to division (F) or (G) of section 109.57 of the

Revised Code;

(9) By the bureau of criminal identification and investigation or any authorized employee of the bureau for the purpose of performing a criminal history records check on a person to whom a certificate as prescribed in section 109.77 of the Revised Code is to be awarded;

(10) By the bureau of criminal identification and investigation or any authorized employee of the bureau for the purpose of conducting a criminal records check of an individual pursuant to division (B) of section 109.572 of the Revised Code that was requested pursuant to any of the sections identified in division (B)(1) of that section;

(11) By the bureau of criminal identification and investigation, an authorized employee of the bureau, a sheriff, or an authorized employee of a sheriff in connection with a criminal records check described in section 311.41 of the Revised Code.

{¶ 14} Notably, R.C. 109.57, which is referenced in section (8), above, lists the process for BCI to obtain records, including applicable FBI records, for child-care workers, potential adoptive or foster parents, head-start facilities, teachers, school employees, bus drivers, school contractors, and children services employees, to name a few. R.C. 109.77, referenced in section (9) above, provides the process for background checks BCI performs, including required federal criminal record information, for any person seeking a basic training certificate to qualify as a peace officer, park ranger, special police officer, gaming agents or virtually any other law enforcement position. R.C. 109.572, titled "Criminal records check," referenced in section (10) above, describes the process for BCI

to conduct criminal records checks for numerous defined state agencies, including when FBI or national crime records are required to be obtained or when they can be requested by an agency. If federal records are requested, BCI is statutorily obligated to obtain FBI records and forward them to the requesting agency. Criminal record checks are required by numerous state agencies for licensing, certifications, appointments and employment. R.C. 311.41, referenced in section (11) above, describes the process for BCI to conduct criminal background check for concealed handgun permits.

{¶ 15} Thus, to the extent set forth by R.C. 2953.32(D), BCI has a statutory duty to perform a criminal records check upon an individual when there is a sealing order in place.   Given this, the trial court erred by including in its order a provision that prevents BCI from performing its statutorily mandated function under R.C. 2953.32(D) and related statutory provisions in the future.

{¶ 16} This conclusion is not inconsistent with our decision in *In re Application of Pacifico for Sealing of Records,* 129 Ohio App.3d 152, 153-54, 717 N.E.2d 393.   In that case, the applicant sought to expunge a federal felony conviction for smuggling anabolic steroids and hormones into the United States. The trial court denied the application. In the court of appeals, the State conceded error and recommended remanding the matter for a hearing to decide whether the applicant was suitable or eligible for expungement. The court of appeals said, "[a]t that hearing, Pacifico will be required, as a practical necessity, to identify the state officials or agencies maintaining records of his federal conviction, in order to allow the trial court to order that the record be sealed." *Id.* at 158. That statement implies that, if an agency does not presently maintain records of a federal conviction, then a sealing order would be of no effect. In any event, *Pacifico* did not deal

with whether BCI can be ordered not to perform its statutory "criminal record check" obligations, which are excepted from the restrictions of R.C. 2952.32.

{¶ 17} Also, our conclusion does not speak to the question of what occurs if, after a sealing order is entered, a record of a federal conviction is obtained by a State agency or other governmental entity. This was the issue in *State ex rel. Gains,* 86 Ohio St.3d at 622, 716 N.E.2d 204*.* In that quo warranto action, the Supreme Court decided that a state court expungement order restored Rossi's right to hold an office of village councilman to which he had been elected. There was no question that Rossi had a federal felony conviction for attempted tax evasion. After the quo warranto action was filed, Rossi applied for and obtained an expungement order from a common pleas court. The Supreme Court held that the expungement order restored Rossi's right to "to hold an office of honor, trust, or profit" that had been prohibited by his felony conviction under R.C. 2961.01. As a result, Rossi was not removed from office. *Rossi* did not deal with whether BCI could be ordered not to perform its statutory "criminal record check" obligations, which are excepted from R.C. 2952.32, the sealing statute.

## Conclusion

{¶ 18} The State's assignment of error raises a narrow issue, and this opinion is confined to the resolution of that issue. The State's assignment of error is sustained, and the case is remanded to the trial court for it to amend its order sealing K.T.'s record by deleting that portion of the order which acts to prevent BCI from performing a future authorized criminal records check seeking information regarding K.T.'s federal conviction.

. . . . . . . . . . . .

FROELICH, J., and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Richard Hempfling
Hon. Gregory F. Singer