[Cite as *Rivera v. Petition for Relief From Firearm Disability*, 2025-Ohio-2225.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

NATHAN A. RIVERA,                         :

    Plaintiff-Appellee,              :

                                     No. 114478

v.                                        :

PETITION FOR RELIEF FROM
FIREARM DISABILITY,                       :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** June 26, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-995316

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Erika B. Cunliffe, Assistant Public Defender, *for appellee*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Matthew Moretto, Assistant Prosecuting
Attorney, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} The State appeals the trial court's decision granting Nathan A. Rivera's application for relief from disability filed under R.C. 2923.14.[1] For the following reasons, we reverse the decision of the trial court.

{¶ 2} Rivera was convicted of four offenses for operating a vehicle while under the influence of alcohol or drugs, all occurring between 2008 and 2013. At that time, Rivera's driver's license was suspended for habitual alcohol use as provided under R.C. 4510.11(A) and 4507.08(D)(1), which bar the issuance of a license to any person who has alcoholism to the extent that the use constitutes an impairment of the person's ability to operate a motor vehicle.[2] Rivera tackled his addiction to alcohol after his last offense. He has been sober for over a decade and has become a successful business owner. Rivera maintains a valid driver's license.

{¶ 3} In April 2024, Rivera filed an application for relief from disability pursuant to R.C. 2923.14. *See State ex rel. Suwalski v. Peeler*, 2021-Ohio-4061, ¶ 34, citing R.C. 2923.14(D). "R.C. 2923.14 is civil in nature . . . [and] provides an

---

[1] The caption of this action should have been styled as "In re: Nathan Rivera" as the application for relief was filed. Inexplicably, the clerk of courts for the Cuyahoga County Court of Common Pleas altered the case caption, styling it as "Rivera v. Petition for Relief from Firearm Disability." That case caption will be retained solely for the benefit of continuity.

[2] According to Ohio Adm.Code 4501:1-1-16, which establishes the procedural rules regarding driver's licenses in Ohio, "Alcoholic, or is addicted to the use of controlled substances to the extent that the use constitutes an impairment to the person's ability to operate a motor vehicle with the required degree of safety," as used in section R.C. 4507.08, means that the person was convicted three or more times "within the immediately preceding three-year period" of some form of alcohol-related traffic offense. Rivera's decade-old convictions no longer qualify.

avenue for a person to have his or her civil firearm rights restored." *In re Reed*, 2015-Ohio-2742, ¶ 9 (3d Dist.), citing R.C. 2923.14. An application may be granted if the applicant (1) has either (a) been fully discharged (if the disability was the direct result of a conviction), or (b) the "factor" underlying the disability is no longer applicable (if the disability was based on a factor other than an indictment, conviction, or adjudication such as drug dependence or chronic alcoholism); (2) "has led a law-abiding life since discharge . . . and appears likely to continue to do so"; and (3) "is not otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(1)–(3).

{¶ 4} Rivera's disability, as it relates to Ohio law, did not arise from an indictment, conviction, or adjudication. He argues that his disability arose from a factor other than that, as contemplated under R.C. 2923.14(D)(1)(b). The criminal act giving rise to the firearm disability is the aptly named crime of having weapons while under disability. R.C. 2923.13. "Unless relieved from disability," no person in Ohio can "knowingly acquire, have, carry, or use any firearm or dangerous ordnance" if the person is (1) a fugitive from justice; (2) under indictment or has been convicted of any felony offense of violence (or the juvenile equivalent); (3) under indictment or has been convicted of a felony drug offense (or the juvenile equivalent); (4) "has a drug dependency, is in danger of drug dependence, or has chronic alcoholism"; or (5) is under adjudication of mental incompetence or has been committed to a mental institution. The only category arguably applicable to Rivera's situation is subdivision (A)(4), that he "has chronic alcoholism."

{¶ 5} In his application, Rivera cited his alcohol-related convictions and his sobriety as a basis to demonstrate that he removed the factor creating the firearm disability under Ohio law. The State objected claiming that Rivera was not under any disability because no court declared him to have chronic alcoholism. Those arguments, if the sole ones presented, would be difficult at the best of times. R.C. 2923.14 essentially authorizes an act of grace by a trial court, an act committed to the court's broad discretion. *State v. Thacker*, 2024-Ohio-5835, ¶ 100 (1st Dist.). There is limited guidance provided in the statute. For example, as *Thacker* cynically noted, R.C. 2923.14(D)(2) asks courts to determine "whether the disarmed individual has 'led a law-abiding life since discharge or release, and appears likely to continue to do so.' For how long? It depends. By what metric? It depends. On what evidence? It depends." *Id.* at ¶ 99. In short, there is no standard for that determination. Consideration over whether the individual has removed the factor is equally vague under R.C. 2923.14(D)(1)(b).

{¶ 6} There is, however, one binary question: whether the individual is otherwise prohibited by law from acquiring, having, or using firearms. R.C. 2923.14(D)(3). That subsection necessarily refers to disabilities arising in other jurisdictions.

{¶ 7} Based on this background, there are two pertinent questions in need of answering in this case. The initial question is whether Rivera is under a weapons disability under Ohio law. The second is whether Rivera can demonstrate each requirement under R.C. 2923.14(D) in order to be entitled to relief. The latter

question, in this case, hinges on whether another jurisdiction precludes Rivera's use, acquisition, or possession of firearms.

{¶ 8} R.C. 2923.13(A)(4) does not require the judicial imposition of the disability. Rivera's fear is that R.C. 2923.13(A)(4) is essentially self-executing through the threat of prosecution if the State determines that he has chronic alcoholism and decides to charge Rivera with the offense. Rivera's concern stems from his reading of *State v. Tomlin*, 63 Ohio St.3d 724, 726 (1992), in which the Ohio Supreme Court held that the State is not required to present a medical doctor to prove chronic alcoholism, and as a result of that conclusion, it was not error for the trial court to permit the testimony of a clinical psychologist to testify as an expert on alcoholism. *Tomlin* was not extended to cases in which the State solely relied on convictions for alcohol-related offenses to prove chronic alcoholism. *State v. Semenchuk*, 122 Ohio App.3d 30, 44 (8th Dist. 1997). As *Semenchuk* concluded, "while evidence of prior alcohol-related offenses is admissible for the limited purpose of assisting in establishing proof of chronic alcoholism, such evidence in and of itself is legally insufficient to sustain a conviction under R.C. 2923.13(A)(4)." *Id.* It appears that Rivera's fear of Ohio law may be unfounded, especially in light of his sobriety.

{¶ 9} Notwithstanding, Rivera's desire to preclude future prosecution by obtaining relief is understandable. The power to prosecute solely remains with the State regardless of the merits of a potential case, thereby subjecting Rivera to possible arrest or prosecution purely based on the discretion of a State actor.

{¶ 10} R.C. 2923.13(A)(4) is the actualization of the mythical sword of Damocles, hanging the threat of prosecution over the heads of certain Ohioans should the State believe it can prove that person "has chronic alcoholism" at any point in time. No prior judicial determination is necessary for such a crime to be charged; it simply exists and is to be proven based on past and present conduct.

{¶ 11} In this respect, we understand the trial court's desire to relieve Rivera of the pernicious threat based on the fact that Rivera has abstained from alcohol for over a decade, which goes to proving he no longer "has" chronic alcoholism. R.C. 2923.14 not only exists to restore constitutional rights, but it also protects Ohioans such as Rivera from having to face prosecution for a firearm-disability offense by offering them an avenue to obtain judicial declaration that they are no longer under that disability. Ohioans like Rivera should not be under the constant threat of overzealous attempts to prosecute them for weapons offenses based solely on decade-old infractions.

{¶ 12} Notwithstanding, the State's sole claim is that Rivera is not under a firearm disability according to Ohio law. The State's position is one of perception. It agrees with the outcome of the case below in that Rivera was deemed to have had his firearm rights restored, so he is no longer under a firearm disability under Ohio law, but the State gets to that same result by claiming that Rivera was never under an Ohio disability and any issues Rivera may have with respect to firearm restrictions arise under federal law.

{¶ 13} We agree with the State. We cannot affirm the trial court's decision granting Rivera relief.

{¶ 14} Under 18 U.S.C. 922(g)(1):

(g) It shall be unlawful for any person--

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Rivera concedes his past convictions were third- or fourth-degree felonies, punishable by imprisonment for terms exceeding one year. Rivera has not demonstrated the applicability of 18 U.S.C. 921(a)(20), which provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction" for the purposes of subdivision (g)(1).

{¶ 15} Rivera argues that his relief from disability is required in order to restore his civil rights under the meaning of the federal statute. The phrase "civil rights restored," however, also refers to the rights to vote, to hold office, or to serve on a jury. *Logan v. United States*, 552 U.S. 23, 28 (2007), citing *Caron v. United States*, 524 U.S. 308, 316 (1998). In order to have his civil rights restored in Ohio, Rivera must have demonstrated that his rights to vote, to serve on a jury, and to hold a public office have all been restored in addition to the firearm rights. *United States*

*v. Warner*, 131 F.4th 1137, 1146 (10th Cir. 2025), quoting *United States v. Flower*, 29 F.3d 530, 535 (10th Cir. 1994). In other words, it is conceivable as applicable to Rivera's case, that if his "civil rights" have been fully "restored," his earlier convictions are not considered "convictions" for the purposes of 18 U.S.C. 922(g)(1), and he then is not under any legal restriction from acquiring, possessing, or using a firearm.

{¶ 16} But all of that appears academic because that conclusion is not one a state court can render. R.C. 2923.14 expressly pertains to relief from a state firearm disability. It does not act to restore all civil rights; another statutory section addresses restoration of those rights. *See* R.C. 2967.16(C). The alcohol-related convictions are the source of the federal disability. On this point, Rivera contends that R.C. 2923.14 authorizes the trial court to relieve him of the state firearm disability so that his convictions are no longer considered "convictions" for the purposes of the federal disabling law because all his rights have been restored. That argument, if accepted, presents a catch-22. In order for the trial court to afford relief under R.C. 2923.14(D), the petitioner must demonstrate that he is not otherwise under disability and only then may the court relieve the petitioner of the state firearm disability. But until the state firearm disability is removed, he is otherwise under the federal disability because his rights have not fully been restored and that means the trial court lacks authority to grant relief in the first place under R.C. 2923.14(D)(3).

{¶ 17} Catch-22 aside, Rivera never lost his firearm rights solely based on the felony convictions under Ohio law, and he is essentially asking the trial court to declare relief of the federal disability through a judicial declaration that all of his rights have been restored. R.C. 2923.14 only permits the restoration of a petitioner's state firearm rights, and therefore, that declaration alone cannot impact the federal disability, which requires the restoration of all civil rights.

{¶ 18} It is true that "[t]he law of the jurisdiction in which a person was convicted determines whether the person has had his 'civil rights restored' within the meaning of the Gun Control Act." *Peeler*, 2021-Ohio-4061, at ¶ 7, citing *Caron*, 524 U.S. 308, 312-313. Notwithstanding, in situations in which the offender solely "is prohibited by federal law from possessing firearms by virtue" of a state-court conviction, that offender "has no Ohio-law firearms disability," and as a result, he "does not qualify for any relief from his firearms disability under R.C. 2923.14." *Id.* at ¶ 29. Because his convictions are the source of the federal disability, not his past addiction to alcohol, Rivera is ineligible to invoke R.C. 2923.14 as a matter of Ohio law. *See id.* at ¶ 29.

{¶ 19} We acknowledge that the uncodified section of 2011 H.B. No. 54, which amended R.C. 2923.14, expressly states

> the intent of the General Assembly in amending section 2923.14 of the Revised Code to apply the amendments to that section retroactively to any restoration of rights granted previously to any applicant under section 2923.14 of the Revised Code or under any previous version of that section. The General Assembly is explicitly making this amendment to clarify that relief from a weapons disability granted under section 2923.14 of the Revised Code restores a person's civil

firearm rights *to such an extent that the uniform federal ban on possessing any firearms at all, 18 U.S.C. 922(g)(1), does not apply to that person,* in correlation with the U.S. Supreme Court's interpretation of 18 U.S.C. 921(a)(20) in Caron[, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303].

(Emphasis added.) 2011 H.B. No. 54, Section 3. R.C. 2923.14, however, is unambiguous. That section solely authorizes a trial court to grant relief from a firearm disability arising from Ohio law. "'[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.'" *State v. Jordan*, 2023-Ohio-3800, ¶ 20, quoting *Hubbard v. Canton City School Bd. of Edn.*, 2002-Ohio-6718, ¶ 14.

{¶ 20} Under the authority of *Peeler*, the trial court lacked authority to grant Rivera relief under R.C. 2923.14 because a state court judge cannot relieve an Ohio citizen of a federal firearm disability. *Id.* at ¶ 29. Rivera's only firearm disability arises under federal law, and any relief from that disability is outside the state court's authority. His past convictions alone are insufficient to have removed Rivera's firearm rights.

{¶ 21} At best, those past convictions constitute some evidence the State could use to charge Rivera with having weapons while under disability under state law, but the convictions alone are insufficient under Ohio law for the purpose of removing Rivera's firearm rights. *Semenchuk*, 122 Ohio App.3d at 44 (8th Dist.). In other words, absent the federal statute creating a firearm disability under federal law, Rivera would not be subject to any firearm disability solely based on being

convicted of the alcohol-related offenses — he has no firearm disability arising under Ohio law. The federal statute creates a potential disability not contained under Ohio law, and as a result, the matter is purely one of federal concern. Any relief must be sought through the jurisdiction in which the disability arises.

{¶ 22} For this reason, we reluctantly reverse the decision of the trial court. Rivera's application for relief should have been denied according to the unambiguous language of R.C. 2923.14(D). As the State concedes, because Rivera has no Ohio firearm disability and is potentially subject to a firearm disability in another jurisdiction, the trial court lacked authority to grant him the requested relief. Reversed and vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY