[Cite as *State v. R.T.*, 2026-Ohio-1282.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellant, :

                          No. 115475

    v. :

R.T., :

    Defendant-Appellee. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** April 9, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693198

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Graziani Law, LLC, and Mark F. Graziani, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} The State appeals the trial court's decision granting R.T.'s motion to seal a federal conviction from 2003. The details of that conviction are not relevant to this appeal. Following a hearing, the trial court issued a journal entry in which it found that "it may seal the applicant's federal conviction records maintained in

Ohio by state officials or agencies, provided such records are not maintained or utilized by those state officials or agencies pursuant to any federal law." It was then ordered that "all official records pertaining to this case shall be sealed" except where federal or state law requires otherwise. In addition, the trial court directed the clerk of courts to serve the order on various state and federal agencies.

{¶ 2} The State filed this appeal, as a matter of right, claiming that the trial court erred by issuing an order "that exceeds its statutory and constitutional authority by purporting to seal all official records of a federal conviction and to restrict the use of those records by federal and state agencies beyond what R.C. 2953.32 and controlling precedent permit." According to the State, the trial court has limited jurisdiction over sealing records of federal convictions. *See State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 623 (1999).

{¶ 3} Although a state trial court cannot order or direct federal courts or executive agencies to seal records of federal convictions, the trial court is authorized under R.C. 2953.32 to seal any state-retained record of the federal conviction and restore disabilities imposed under state law, provided that such records are not used or maintained pursuant to federal law. *Id.* at 623, citing *In re Pacifico*, 129 Ohio App.3d 152 (2d Dist. 1998); *see also State v. Shirley M.*, 136 Ohio App.3d 753 (8th Dist. 2000) (recognizing that a trial court does not err in sealing state-maintained records of federal convictions when the State has failed to demonstrate that the sealing of the records was for a purpose other than removing a state-created disability). That authority is derived from R.C. 2953.32(B)(1), which

provides in part: "[A]n eligible offender may apply . . . to a court of common pleas if convicted in . . . a federal court, for the sealing or expungement of the record of the case that pertains to the conviction." Neither party challenges nor disagrees with the proposition of law announced in *Rossi* interpreting R.C. 2953.32(B)(1).

{¶ 4} Although the trial court's judgment entry granting the petition to seal the record recited the limitations under *Rossi,* the order sealing the state-maintained record of R.T.'s federal conviction contains several boilerplate directives that run afoul of the trial court's limited authority and are contrary to the recognized limitations established in *Rossi*: (1) ordering "all official records pertaining to this case" to be sealed and the proceedings deemed to have not occurred; and (2) ordering the clerk of courts to serve the trial court's order on (a) "the Bureau Of Criminal Investigation In The Office Of The Attorney General Of The State of Ohio" ("BCI"), and (b) "the law enforcement official in charge of the law enforcement agency or organization which caused the applicant's arrest." The State challenges those mandates, claiming they exceed the trial court's authority because they impact federal agencies or seek to seal a federal conviction.

{¶ 5} R.T. claims that the trial court has authority to seal the record of the federal conviction and, because of that, seeks a decision affirming the trial court's order sealing his record of conviction. He has not addressed the jurisdictional limitations or the language included in the trial court's order sealing the record. This argument is contrary to precedent from this district.

{¶ 6} In *Shirley M.*, the panel noted that trial courts "must be mindful to limit the scope of the expungement to those records maintained in the state of Ohio by Ohio agencies, courts and officials" and "must determine whether the order of expungement is being sought to remove a federally created disability and whether the records maintained by the State are done so because of federal direction." *Id.* at 757. An order seeking to remove a federally created disability or seal records contrary to federal requirements is constitutionally impermissible. *Id.* Thus, in so much as R.T. seeks to relieve himself of a federal firearm disability or to seal the record of the federal conviction, that argument cannot be accepted. *Id.*

{¶ 7} The boilerplate directives noted above appear to be generally geared to sealing state convictions. The order granting R.T.'s petition to seal the record, for example, included language directing the clerk of court to serve the order on the agencies involved in arresting R.T. for a federal crime. In light of the limited record, it is not clear what agency was involved in R.T.'s 2003 arrest — although at oral argument the State confirmed the Federal Bureau of Investigation's involvement in R.T.'s arrest. The purpose of such a directive could impermissibly compel the federal agency to comply with the sealing order. Further, R.T. has not demonstrated, let alone argued, that BCI can disregard the federal conviction for the purpose of performing background checks as required under federal law. *See, e.g., In re Sealing of Records of Conviction of K.T.*, 2021-Ohio-228, ¶ 11 (2d Dist.) (trial court could not order BCI to ignore a federal conviction record when performing a criminal records check).

{¶ 8} More specificity is needed in this thorny niche carved out by the Ohio Supreme Court in *Rossi*, 86 Ohio St.3d 620, but the parties have not provided a road map for that in this record. For example, R.T. includes a discussion regarding his hazardous trucking licensing and his state firearm disabilities as being impacted by the federal conviction, but the removal of the latter disability falls under a different statutory section altogether — s*ee* R.C. 2923.14 (removal of state firearm disability). Because any issues related to relieving R.T. of a state firearm disability are not relevant to the question of sealing the federal records of conviction R.T. sought in this case, there is no need to discuss or interpret 18 U.S.C. 921(a)(20), which establishes that any conviction that is expunged is not considered a conviction for the purposes of a federal firearm disability. Under settled Ohio law, a state court cannot expunge or seal a federal conviction. But regardless, should R.T. desire relief from a state firearm disability, that proceeding would need to be initiated through a different statutory mechanism as provided under R.C. 2923.14, not through seeking to seal or expunge records of federal convictions under R.C. 2953.32. *See Rivera v. Petition for Relief from Firearm Disability*, 2025-Ohio-2225, ¶ 12 (8th Dist.); *State v. Heffley*, 2024-Ohio-2218 (3d Dist.) (expunging the state conviction restores an offender's firearm rights under Ohio law, thus negating the federal disability).

{¶ 9} On remand, a hearing is necessary to determine the scope of what is to be sealed in order to ensure compliance with the jurisdictional limitations. *Shirley M.,* 136 Ohio App.3d at 757. The burden falls on R.T., as the person seeking relief, to assert with specificity what records are being sealed. *Id.* ("When presented

with a motion to seal the record of a federal conviction, one must be mindful to limit the scope of the expungement to those records maintained in the state of Ohio by Ohio agencies, courts and officials," and a trial court exceeds its limited authority by inappropriately extending a state order to seal records to control a federal organization.); *see also State v. Quarterman*, 2014-Ohio-4034, ¶ 19 (concluding that it is not the court's responsibility to craft arguments or consider issues of its own accord); *see also State v. S.D.F.*, 2025-Ohio-1832, ¶ 16 (8th Dist.) (noting the applicant's burden to demonstrate the basis for expungement or the sealing of a record of conviction under R.C. 2953.32). Simply seeking the sealing of all records of a federal conviction based on a generic request to seal a record of a federal conviction is overly broad. *Shirley M.* at 757. Any order sealing the state records of a federal conviction, at a minimum, needs to be narrowly tailored to that task. *Id.* The burden initially rests with the petitioner to specify the scope of what is being requested, and simply seeking the sealing of all state records is insufficient. And although R.T. bemoans the lack of any ability to expunge his federal conviction because, according to him, no such remedy exists, creating federal remedies is not in the purview of a state court.

{¶ 10} Because the framework has not been provided by the parties in this record, we cannot render a decision as to the scope of what is permissibly sealed under the prevailing authority in the first instance. Accordingly, the final entry ordering the sealing of the records is reversed and vacated, and this matter is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
TIMOTHY W. CLARY, J., CONCUR